UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                   :
COMMERCE AND INDUSTRY              :
INSURANCE COMPANY                  :
                                   :   Civil Action No.
            Plaintiff,             :   05-2287 (NLH)
                                   :
       v.                          :
                                   :
SITE-BLAUVELT ENGINEERS, INC.,     :   **OPINION**
                                   :
            Defendant.             :
_____

**APPEARANCES:**

David Matthew Farkouh
Michael H. Cohen
SCHWARTZ, SIMON, EDELSTEIN, CELSO & KESSLER, LLP
Ten James Street
Florham Park, NJ 07932
*Attorneys for plaintiff and counter defendant, Commerce and Industry Ins. Co.*

James E. Del Bello
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103
*Attorney for defendant and counter claimant, SITE Blauvelt Engineers, Inc.*

**HILLMAN, District Judge**

   **I.   INTRODUCTION**

      Before the Court are the parties' written submissions in response to the Court's order to show case why this insurance declaratory judgment action should not be dismissed for lack of jurisdiction following a settlement of the state court litigation underlying this action. Finding that a "live controversy" exists

as to the existence of a claim for attorneys' fees, this Court has jurisdiction over defendants' counterclaim.

## II.  BACKGROUND

This case arises out of an insurance coverage dispute concerning the litigation surrounding the collapse of the Tropicana Parking Garage in Atlantic City, New Jersey, on October 30, 2003.  Several lawsuits were filed by either injured plaintiffs or decedents' estates in the Superior Court of New Jersey against several defendants, including SITE-Blauvet Engineers, Inc. ("SBE").

SBE tendered the defense of the Tropicana cases to its insurers including Commerce and Industry Insurance Company ("CIIC").[1]  CIIC filed a complaint for declaratory judgment in this Court requesting a determination of the rights and liabilities of the parties with respect to certain policies issued by CIIC to SBE, and to find that CIIC had no duty to defend or indemnify SBE.

The parties filed a motion and cross motion for summary judgment as well as a motion *in limine* to exclude the expert report of Andrew J. Pennoni, P.E.  In April 2007, the parties informed the Court that a global settlement had been reached in

---

[1] According to the record, SBE was defended by Liberty Mutual and American Guarantee in the underlying litigation.

the underlying state cases.  In June 2007, the parties requested that the Court suspend this action for 45 days to allow the parties to discuss settlement in this case.  By Order entered on June 26, 2007, the parties' motions were denied without prejudice with leave to re-file within 45 days in order for the parties to engage in settlement discussions.  By Order entered on August 9, 2007, the time was extended an additional 14 days.  On August 23, 2007, the parties re-filed their motions for summary judgment and motion *in limine*.

In correspondence to the Court, CIIC stated that it intended to move to dismiss this matter on the ground that settlement of the underlying litigation mooted the coverage issues in this case.  In reply, SBE sent correspondence to the Court stating that its counterclaim for defense costs and attorneys' fees remains an open issue to be determined by this Court.  Since the parties' correspondence raised the issue of whether the settlement of the underlying litigation which mooted the coverage issues in CIIC's declaratory judgment action also divested this Court of subject matter jurisdiction over SBE's counterclaim, and since CIIC never filed its intended motion to dismiss, the Court entered an order to show cause why this case should not be dismissed for lack of jurisdiction.

In response to the Court's Order, SBE filed a brief arguing that its counterclaims against CIIC for breach of contract and

bad faith in refusing to defend SBE in the underlying state cases are not moot. Particularly they argue that CIIC is responsible for over $90,000.00 in attorneys' fees in the underlying cases and for approximately $450,000.00 in attorneys' fees in defense of this declaratory action.[2] CIIC argued in response that SBE's claim for $90,000.00 represents the shortfall amount that SBE's other insurers, Liberty Mutual and American Guarantee, deducted and did not pay out of the approximately $1.5 million in attorneys' fees tendered in the underlying litigation. CIIC argues that the $90,000.00 claim should be stricken because SBE failed to comply with its continuing duty under Rule 26 to disclose this claim and only did so after the Court entered its order to show cause. CIIC also argues that if the $90,000.00 claim is stricken then SBE's counterclaims are moot and the case should be dismissed for lack of jurisdiction.

### III. **JURISDICTION**

This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity). Plaintiff CIIC is a corporation organized under the laws of the State of New York with a principal place of business in New York. Defendant SBE is a corporation organized under the laws of the State of New Jersey

---

[2] SBE is not seeking any amount paid in settlement from CIIC. Presumably the settlement amount has been paid by SBE's other insurers.

with a principal place of business in New Jersey.  Plaintiff alleges that the amount in controversy exceeds $75,000.00.

### IV.  DISCUSSION

#### A.  Application of State Law for Attorneys' Fees

A federal district court exercising jurisdiction on the basis of diversity applies the law of the forum state. Chemical Leaman Tank Lines, Inc. V. Aetna Casualty and Surety Co., 89 F.3d 976, 983 (3d Cir. 1996) (stating that "[a]s a federal court sitting in diversity, we must apply the substantive law of New Jersey.") (citing Borse v. Piece Goods Shop, Inc., 963 F.2d 611, 613 (3d Cir. 1992)).  In this case, jurisdiction is founded upon diversity and, therefore, we apply New Jersey law. Id.  Under New Jersey law, rules governing attorneys' fees are generally considered procedural rather than substantive. Leonardis v. Burns Intern. Sec. Services, Inc., 808 F.Supp. 1165, 1184 (D.N.J. 1992)(relying on New Jersey law for the proposition that court rules regulating attorney fees are clearly procedural)(quoting Du-Wel Prods., Inc. v. United States Fire Ins. Co., 565 A.2d 1113 (N.J.Super.A.D. 1989), cert. denied, 583 A.2d 316 (N.J. 1990)). "A federal court sitting in diversity must apply state substantive law and federal procedural law." Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000)(citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).  However, even though

5

attorneys' fees are generally considered procedural and federal courts apply federal procedural rules rather than state procedural rules, in diversity cases the Third Circuit has held that state procedural rules apply concerning attorneys' fees. McAdam v. Dean Witter Reynolds, Inc., 896 F.2d 750, 775 n. 47 (3d Cir. 1990) (stating that "[s]tate rules concerning the award or denial of attorneys' fees are to be applied in cases where federal jurisdiction is based on diversity or if the court is exercising pendent jurisdiction, provided such rules do not run counter to federal statutes or policy considerations.") (comparing Montgomery Ward & Co. v. Pacific Indem. Co., 557 F.2d 51, 56 (3d Cir. 1977)(interpreting Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240 (1975) to mean that "state rules concerning the award of attorneys' fees are to be applied in diversity cases whether these rules provide for an award or deny it, provided such rules do not run counter to federal statutes or policy considerations).  Therefore, New Jersey state rules concerning attorneys' fees applies in this case.

  **B.** **Attorneys's Fees Under N.J.Civ.Prac.R. 4:42-9(a)(6)**

SBE bases its claim for attorneys' fees on N.J.Civ.Prac.R. 4:42-9(a)(6) which provides that counsel fees are permitted "[i]n an action upon a liability or indemnity policy of insurance, in favor of a successful claimant."  N.J.Civ.Prac.R. 4:42-9(a)(6).  "The intention of the rule is to allow 'an award for counsel fees

only where an insurer refused to indemnify or defend in respect of its insured's third-party liability to another.'" Feit v. Great-West Life and Annuity Ins. Co., No. 03-2948(HAA), 2005 WL 2665736, at *8 (D.N.J. Oct. 18, 2005) (citing Eagle Fire Prot. Corp. v. First Indem. of Am. Ins. Co., 678 A.2d 699, 708 (N.J. 1996); Leonardis v. Burns Int'l, Sec. Servs ., Inc., 808 F.Supp. 1165, 1187 (D.N.J. 1992) (citing Guarantee Ins. Co. v. Saltman, 526 A.2d 731, 735 (N.J.Super.A.D. 1987)).  "Counsel fees are not mandatory in every action upon a liability or indemnity policy, but rather the trial judge has broad discretion as to when, where, and under what circumstances counsel fees may be proper and the amount to be awarded."  Iafelice ex rel. Wright v. Arpino, 726 A.2d 275, 280 (N.J.Super.A.D. 1999) (citing Enright v. Lubow, 521 A.2d 1300 (N.J.Super.A.D.), cert. denied, 528 A.2d 19 (N.J. 1987); Helton v. Prudential Property and Casualty Insurance Co., 500 A.2d 717 (N.J.Super.A.D. 1985); Kistler v. N.J. Mfrs. Ins. Co., 411 A.2d 1175 (N.J.Super.A.D. 1980)).  New Jersey court have construed R. 4:42-9(a)(6) "... to be inapplicable to direct actions brought by the insured against the carrier to enforce coverage."  Id. (citing Enright, 521 A.2d at 1300); see Feit, 2005 WL 2665736, at *8 (stating that "... attorney fees will not be awarded to an insured in a suit against an insurer where the claim involves direct first-party

7

coverage.").[3]

SBE argues that CIIC owed it a duty to defend in the underlying litigation if any of the plaintiffs' allegations in the underlying lawsuits were potentially covered by CIIC's CGL (commercial general liability) and Umbrella policies.[4] Although both parties agree that settlement of the underlying cases renders CIIC's continuing duty to defend the dismissed cases moot, SBE argues that it does not render its counterclaims for breach of contract and bad faith for CIIC's past refusal to defend SBE moot because SBE has incurred costs that have not been paid by other insurers as well as costs in defending itself in the declaratory judgment action.

CIIC does not dispute that N.J.Civ.Prac.R. 4:42-9(a)(6) applies. It also does not dispute that settlement of the

---

[3] SBE has claimed that it has incurred approximately $90,000.00 in the underlying litigation and $450,000.00 in defending the declaratory judgment action. The Court makes no determination at this time as to whether SBE can fully recover those fees under Rule 4:42-9(a)(6), only that SBE has a live controversy and can pursue recover of those fees. Generally, the Rule is not extended to permit counsel fees to an insured on a direct suit against the insurer to enforce a casualty or other first-party direct coverage, but is permitted, in the Court's discretion, for attorneys' fees incurred by an insured in a declaratory judgment action to determine existence of coverage under a liability policy where the insurer has denied coverage. See Guarantee Ins. Co. v. Saltman, 526 A.2d 731, 735 (N.J.Super.A.D. 1987).

[4] In February 2006, CIIC acknowledged that it owed a duty to defend SBE under its COPS (contractors operations and professional services) policy.

underlying litigation does not preclude SBE from being found a "successful claimant" in seeking reimbursement of attorneys' fees.  See S.T. Hudson Engineers v. Penna. Nat'l Mutual Casualty Co., 909 A.2d 1156, 1167 (N.J.Super.A.D. 2006) (holding that settlement of the underlying case was neither determinative of coverage nor duty to defend).  Rather, CIIC argues that the evidence presented by SBE in support of the unpaid attorneys' fees in the amount of $90,000.00 in the underlying litigation should be stricken because SBE did not disclose to CIIC as part of discovery in this case that it was seeking reimbursement of this amount until after the Court issued its order to show cause.[5]  Particularly, CIIC states that it was not until April 16, 2008, that SBE served CIIC with a statement of account as part of its exhibits in response to the Court's order to show cause indicating that approximately $90,000.00 had been not been paid by SBE's other insurers out the approximately $1.5 million in defense costs invoiced by SBE's counsel.  CIIC argues that SBE failed to comply with its continuing duty under Rule 26(a)(1) and 26(e)(1) to disclose the attorney invoices and, therefore, this Court should strike SBE's submission of the invoice.

---

[5] CIIC also filed with his reply a motion for sanctions seeking to strike the submission of the unpaid invoice for attorneys' fees.  For reasons explained infra that motion is denied.

**C.   Rule 26**

Rule 26(a)(1) requires that each party make initial disclosures including the identity of witnesses, discoverable documents and computation of damages.  See Fed.R.Civ.P. 26(a)(1).[6]  Rule 26(e)(1) requires that a party supplement any

---

[6] Rule 26(a)(1) states:

(A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

> (ii) a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

> (iii) a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

> (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy

disclosures made through discovery.  See Fed.R.Civ.P. 26(e)(1).[7] Because SBE did not disclose the specific amount of unpaid attorneys' fees until April 16, 2008, CIIC argues that the disclosure was untimely and violated Rule 26.  CIIC states that it has been harmed by the untimely disclosure in that CIIC was unaware of the unpaid balance and therefore did not depose any of SBE's attorneys believing that the other insurers were paying all of the defense costs, and in that CIIC would have filed a third-party complaint against SBE's other insurers seeking contribution for the $90,000.00.

---

>       all or part of a possible judgment in the
>       action or to indemnify or reimburse for
>       payments made to satisfy the judgment.
>
> Rule 34 referenced above governs requests for production of documents and things during discovery. See Fed.R.Civ.P. 34.
>
> [7] Rule 26(e)(1) states:
>
> (1) In General. A party who has made a disclosure under
> Rule 26(a)--or who has responded to an interrogatory,
> request for production, or request for admission--must
> supplement or correct its disclosure or response:
>
>>       (A) in a timely manner if the party learns
>>       that in some material respect the disclosure
>>       or response is incomplete or incorrect, and
>>       if the additional or corrective information
>>       has not otherwise been made known to the
>>       other parties during the discovery process or
>>       in writing; or
>>
>>       (B) as ordered by the court.

Although CIIC does not dispute that SBE is not required to submit documentation regarding attorneys' fees incurred as part of this litigation - SBE's counterclaim - until after judgment is entered in its favor, see Local Rule 54.2 (stating that if counsel fees are permitted, the attorney shall file an affidavit within 30 days of the entry of judgment or order), CIIC argues that it was incumbent upon SBE pursuant to Rule 26 to have provided documentation regarding the unpaid attorneys' fees in the underlying cases prior to April 16, 2008.[8]  SBE disagrees and argues that it did not violate Rule 26 which mandates that a party seeking damages provide only a computation of those damages and make supporting documentation available under Rule 34.

The Court finds that CIIC was on notice that SBE was seeking reimbursement of attorneys' fees in the underlying litigation and that SBE did not violate Rule 26.  When CIIC filed its declaratory judgment action against SBE seeking a determination of the rights and liabilities of the parties and a determination that CIIC had no duty to defend or indemnify SBE, CIIC was well aware that SBE was engaged in litigation in which it would likely incur substantial attorneys' fees.  Although SBE had other insurers who were paying some of the incurred fees, CIIC was

---

[8] CIIC does not provide a deadline as to when it should have received this information from SBE aside from stating that it should have been provided when SBE knew that its other insurers were not paying all the attorney invoices.

12

seeking a determination that it had no duty to defend thereby understanding that even with the coverage of other insurers, it could be responsible for payment of fees on behalf of SBE.[9]

Further, SBE also advised CIIC of its intent to recoup attorneys' fees in its counterclaims and in its initial disclosures wherein SBE stated that it computed its damages to be in excess of $75,000, including attorneys' fees and expenses. SBE argues that after it provided notice to CIIC of a computation of its damages under Rule 26, CIIC had the responsibility under Rule 34 to propound discovery requests for documentation in support of SBE's claim which it did not do.[10]  In addition, SBE

---

[9]  CIIC also argues that since it acknowledged a duty to defend under the COPS policy in February 2006 that SBE should have forwarded the unpaid invoices to-date to CIIC.  While CIIC may have reasonably believed that all the legal bills were being paid because it did not receive any invoices, CIIC was on notice that SBE was demanding attorneys' fees as part of its claim and, therefore CIIC could also have reasonably concluded that the other two insurance companies may not cover all costs.  As CIIC concedes, "it is not unusual for clients - particularly insurance companies - to deduct amounts from attorney invoices."  CIIC, however, then proceeded on the incorrect assumption that SBE would not turn to CIIC to recoup the unpaid balances.  This is not say that any dilatory conduct on the part of SBE will be condoned.  Indeed, the Court has discretion in awarding attorneys' fees and will take into consideration if such fees are to be awarded, whether SBE could have, or should have, provided the information sooner.  For example, when SBE told CIIC during settlement negotiations that it had incurred $450,000.00 in <u>this</u> litigation, we question whether SBE should have also informed CIIC that unpaid balances (which at that time amounted to approximately $50,000.00) existed in the underlying litigation.

[10]  SBE also refutes CIIC's claims that CIIC will suffer prejudice because (1) it did not have an opportunity to depose

13

advised CIIC in April 2007 that it felt its claims were not moot and intended to pursue its counterclaims "including its right to recover attorneys' fees."

Thus, CIIC was informed that SBE was seeking attorneys' fees in the underlying litigation in excess of $75,000.00 satisfying Rule 26. CIIC has not presented evidence that it sought and was

---

SBE's attorneys and because (2) it would have sought contribution earlier from SBE's other insurers. SBE argues that CIIC is not entitled to depose counsel regarding counsel fees, and that there are no other insurers to which CIIC could seek contribution in the declaratory judgment action. SBE's assertion that CIIC is not entitled to depose counsel regarding attorneys' fees is not completely accurate. In In re First Peoples Bank Shareholders Litigation, 121 F.R.D. 219, 227 (D.N.J. 1988), the case relied upon by SBE, the court denied the request to depose the attorneys regarding the bills because there was no showing that the depositions were necessary, and instead likely to be too "cumbersome, time-consuming and annoying." Id. at 227. The court stated that if there was serious ambiguity or incompleteness in the record, it would allow a limited amount of deposition discovery as follow-up. Id. While the Court recognizes the general rule not to permit deposition discovery of attorneys regarding their fees, the Court maintains discretion on this issue. See id. at 223 (relying on Newberg, Attorney Fee Awards § 2.22 (1986) and the Manual for Complex Litigation, Second § 24.13 (1985) both of which discourage deposition discovery on fee petitions). With regard to seeking contribution, it does not appear that CIIC is arguing that it is entitled to contribution if liable for attorneys' fees incurred by SBE in defending the declaratory judgment action, but rather it focused its argument on striking documentation of the attorneys' fees incurred as part of the underlying litigation. As stated by CIIC, "If CIIC is found to owe part or all of the $90,000 in fees and costs being claimed by [SBE], CIIC would have right (sic) to bring a third-party complaint against Liberty Mutual and/or American Guarantee for contribution." However, CIIC has not shown how it would prejudiced, aside from an extension of these proceedings, in bringing such claims.

denied discovery regarding SBE's claims for fees. Therefore, SBE's evidence regarding its $90,000.00 claim will not be stricken and CIIC's motion for sanctions will be denied. CIIC's argument for finding SBE's counterclaims claims moot rests solely on this Court's striking SBE's evidence of attorneys' fees in the underlying litigation and CIIC has presented no other argument for mootness of the claims. Finding that SBE has incurred attorneys' fees to which CIIC could be liable if it had a duty to defend, SBE's counterclaims against CIIC are not moot.[11] To be clear, this Opinion does not address or decide the ultimate issue - whether CIIC had a duty to defend SBE in the underlying litigation. The issue here is discrete - whether the settlement of the underlying litigation moots SBE's counterclaims against CIIC in refusing to defend SBE in the underlying state cases. SBE's claims are still a live controversy because they have incurred damages to which CIIC could be liable if it is found it had a duty to defend SBE.

**IV.   CONCLUSION**

For the foregoing reasons, CIIC's motion for sanctions will

---

[11]   To the extent that the counterclaims request relief in the form of a determination of an ongoing or continuing duty to defend, that portion is moot because the underlying cases have settled and, therefore, there is no ongoing litigation requiring defense.

be denied.  Since a claim exists regarding unpaid attorneys' fees, SBE's counterclaims are not moot and the parties may renew any motions for summary judgment regarding CIIC's duty to defend.[12]

                                        s/Noel L. Hillman
                                        NOEL L. HILLMAN, U.S.D.J.
At Camden, New Jersey

Dated: October 22, 2008

---

[12] If the parties renew their motions for summary judgment, the motions should reflect the current status of the case.